The People, *ex rel.* EVI WINTFIELD, agt. THE JUDGES OF THE COURT OF COMMON PLEAS OF STEUBEN COUNTY.

It is questionable whether a court of common pleas can acquire jurisdiction of an appeal cause from a justice's court, where the appeal bond served on the justice is defective.

The court of common pleas cannot *compel a return* by the justice, where there is a defective appeal bond served on him.

*September Term*, 1846.

MOTION by and on behalf of William S. Mulhollon, Esq., a justice of the peace of the county of Steuben, for a writ of prohibition to be directed to the judges of the court of common pleas of Steuben county.

It appeared that an order was entered in the book of common rules of the court of common pleas of Steuben county, on the 22d May, 1846, in a cause entitled " Jesse S. Bronson, appellant, ads. Eva Winfield, appellee." " On filing affidavit and proof of due service of appeal papers on Wm. S. Mulhollon, Esq., a justice of peace in above entitled cause, on motion of R. B. Van Valkenburgh, appellant's attorney, ordered that said Wm. S. Mulhollon make and file a return in this cause within ten days after notice of this rule, or show cause to this court, on the first day of the next term thereof, why an attachment should not issue against him." At the June term, 1846, of the Steuben common pleas, Mulhollon, the justice, appeared by his counsel to show cause against granting the attachment. Jesse S. Bronson also appeared by counsel to enforce the order against the justice. On the hearing of the matter, Mulhollon produced an affidavit made by himself; and his counsel stated the contents thereof to the

court, and objected to the court entertaining the motion or making any rule or order against him, on the ground that no copy of any affidavit in the matter had been served on him. The court decided that it was not necessary to serve any copy of affidavit, and that the counsel for Bronson might produce and use the original affidavit filed at the time of entering [*249] *the rule, which affidavit (after objection that it was not entitled and the objection overruled) the counsel for Bronson produced and read; and the court decided that the affidavit was sufficient, and the justice must show cause. The counsel for the justice then produced and read an affidavit made by the justice, which stated, that on the 17th of October, 1845, Bronson served upon the justice appeal papers in the cause of Jesse S. Bronson, appellant, ads. Eva Winfield, appellee. After examination of the papers, the justice supposed they were defective, and for that reason did not make return thereto; the supposed defects were, that the affidavit purported to set forth the proceedings in a suit in which one *Eva Winfield* was plaintiff and Jesse L. Bronson was defendant, and that a judgment was rendered against the defendant for forty dollars and twenty-four cents damages and *six dollars and three cents costs*. Whereas, the plaintiff was known by the name of *Evi Wintfield* and not "Eva Winfield," and the name was so entered and so appeared on the docket of the judgment, nor was the judgment rendered for "six dollars and three cents costs," but for *five dollars costs* and no more; that the affidavit served had no allowance of appeal indorsed upon it, but that the bond attached to it by a pin (and not otherwise) had an allowance of appeal indorsed thereon, and the affidavit alleged, as reasons why the attachment should not issue, that the bond did not state truly the names of the parties to the suit, that it did not set forth the true amount of the judgment, and that no allowance of appeal was indorsed on the affidavit served on the justice. The matter was then argued before the court of common pleas, who decided that the facts shown by the justice for cause were not sufficient to prevent a return by the justice, and that a justice of the peace had no right,

when papers were served on him in a case of appeal, to undertake to decide whether or not they were in conformity with the statute, but must make his return to the court, and they could permit them to be amended, if defective. A true copy of the bond was annexed to the moving papers, which stated the plaintiff's name to be "Eva Winfield" throughout, and recited the amount of the judgment "forty-six dollars and twenty-seven cents."

> W. BARNES, *counsel for motion.*
> BARNES & McCALL, *attorneys for motion.*
> A. TABOR, *counsel opposed.*
> R. B. VAN VALKENBURGH, *attorney opposed.*

BRONSON, Chief Justice. It is questionable whether the court of common pleas has acquired or can acquire jurisdiction until the bond is amended. Motion granted.